IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| GRAHAM R. HILLE, | ) |
| Plaintiff, | ) ) ) |
| Vs. | ) CASE #: 2:25-cv-05413-BHH-MHC ) ) |
| CITY OF NORTH CHARLESTON CITY OF NORTH CHARLESTON POLICE DEPARTMENT, | ) ) ) ) |
| Defendant. | ) ) ) |

**<u>COMPLAINT AND JURY DEMAND</u>**

The Plaintiff, Graham R. Hille, by and through his attorney, Bonnie Travaglio Hunt of Hunt Law, L.L.C., hereby complains against the Defendants, City of North Charleston and City of North Charleston Police Department:

**<u>NATURE OF THE ACTION</u>**

1. This is an action for race discrimination, harassment and retaliation brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq*.) and 42 U.S.C. Section 1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

2. This is a civil action concerning the failure of the Defendants to protect the Plaintiff from Discrimination, Harassment, and Retaliation.

3. This case further concerns the actions of Employees of the Defendant, City of North Charleston and The City of North Charleston Police Department wrongfully discriminating against the Plaintiff for Whistleblowing regarding complaints regarding safety, his

1

complaints regarding failure to follow the law, complaints regarding discrimination, and retaliating against him for his complaints.

4. Authority to bring this action is vested in the Plaintiff by Federal and State Law.

## PARTIES

5. The Plaintiff is an individual who resided in the State of South Carolina at all times relevant to this action.

6. At all relevant times to the allegation in this complaint, the Plaintiff was an employee of the Defendants as defined by State and Federal Law.

7. On information and belief, the Defendants are a local municipality.

8. At all times, relevant to the allegations in this Complaint, the Defendants employed more than 15 persons in the State of South Carolina.

9. At all times, relevant to the allegations in this Complaint, the Defendants operated within the State of South Carolina.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question.

11. Jurisdiction of this cause arises under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. Section 2000e-2(a) and Section 2000e-3(a), as amended by the Civil Rights Act of 1991 (CRA Section 91).

12. Charleston County is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

**Procedural Prerequisites**

13. The Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination, hostile work environment, and retaliation.

14. The Plaintiff emailed the charge of discrimination with a completed questionnaire for filing with the EEOC on March 20, 2025.

15. The Plaintiff's charge of discrimination was filed on March 20, 2025, Charge Number 415-2025-001105 set forth the following:

   I. *. That I am a current employee of the Employer. That I was hired by the Employer on 10/03/2023 as a police recruit. That I am currently a Police Officer (Patrolman).*
   II. *That I have been discriminated against based on my race. That I have performed my position at the legitimate expectations of my employer.*
   III. *That I have been subjected to more harsh discipline than other African American Employees.*
   IV. *I have been transferred without notice and been ignored when calling for backup in police situations. That in accordance with pattern and practice an officer is to receive notice prior to a transfer.*
   V. *That I have complained about differential treatment based on my race.*
   VI. *That my employer has failed to properly pay overtime in retaliation for my complaints and unreasonably delayed my bonus in violation of our agreement in retaliation for my complaints.*
   VII. *After my complaints I have been subjected to a hostile work environment that is severe and pervasive that has put my life in danger. That in retaliation for my complaints I have been assigned to a dangerous zone with little coverage. That further other officers have delayed responding to my requests to back up putting me at risk.*
   VIII. *That the actions of my employer are a violation of Title VII. That I have been subjected to a retaliatory hostile work environment for my complaints which violates the law*
   IX. *That the actions of my employer have affected the terms and conditions of my employment.*
   X. *That I have been discriminated against based on my race in violation of Title VII.*
   XI. *That I have suffered a hostile work environment and retaliation for my complaints in violation of Title VII.*

16. The Equal Employment Opportunity Commission issued a Determination and Notice of Rights on May 22, 2025. The Right to Sue set forth the following:

*DETERMINATION OF CHARGE*
*The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.*
*NOTICE OF YOUR RIGHT TO SUE*
*This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)*
*If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 415-2025-01105.*

17. That fewer than ninety days have elapsed since the Plaintiff received the Right to Sue on the Plaintiff's charge of discrimination.

## FACTUAL BACKGROUND

18. That the Plaintiff is a resident of the United States and at all relevant times the Plaintiff resided in South Carolina.

19. That the Plaintiff is a Caucasian male.

20. That the Plaintiff was hired by the Defendants on October 3, 2023, as a Police Recruit.

21. The Plaintiff now holds the position of Police Officer.

22. The Plaintiff is currently supervised by Sgt Justice Jenkins.

23. The Plaintiff was issued policies and procedures regarding the police department.

24. The Police Department has a Discipline Matrix which governs discipline. Discipline is kept in an employee's file indefinitely and can affect all future employment. During the

4

Plaintiff's employment he is aware of employees that have received oral formal and informal disciplines that have led to termination of employment.

25. The Discipline Matrix sets for that All discipline is the prerogative of the Chief of Police who may deviate from this matrix as conditions and circumstances warrant. There are 4 types of discipline types A, B, C, and D that are progressive.

26. The Defendants also have policies regarding discrimination and differential treatment. The Plaintiff has been treated differently based on his race during his employment. The Plaintiff's differential treatment has been manifested in the following ways:

   a. Defendants disciplining the Plaintiff for actions that others have not been disciplined for the same actions;

   b. Defendants have placed the Plaintiff's life in danger by refusing to provide back up;

   c. Defendants have failed and delayed payment of wages for time worked;

   d. Defendants have failed and refused to enforce policy;

   e. Defendants have retaliated against the Plaintiff and created a retaliatory hostile work environment for his complaints.

27. On April 26, 2024, the Plaintiff responded to an incident that was a Domestic Violence Hostage Situation where he was required to kick down the door and place the suspect at gunpoint. Allegedly the Plaintiff cursed during this incident.

28. On May 24, 2024, the Plaintiff was issued oral counseling for profanity. Other officers have committed the same acts and not been disciplined.

29. On August 30, 2024, the Plaintiff was transferred to night shift pursuant to his request.

30. On October 24, 2024, the Plaintiff responded to a barricaded suspect in his vehicle as the result of a traffic stop. There were several individuals on scene including the Plaintiff's

Corporal, Cpl. D. McFadden, the Plaintiff's Sargeant, Sgt J. Garrison and later the Plaintiff's Lieutenant, Lt. F. Hoose. The situation was a high stress, and the Plaintiff used profane language.

31. On November 11, 2024, the Plaintiff conducted a traffic stop of an individual who is a close Associate of City Councilman, Mike Brown. The Plaintiff forwarded the information learned during that traffic stop for further investigation.

32. On November 13, 2024, the Plaintiff was required to set up an appointment with Internal Affairs regarding the barricaded suspect on October 24, 2024. The Internal Affairs investigation was not initiated by a citizen complaint. The Internal Affairs investigation was proactive in nature and was a headhunting mission to harm the Plaintiff.

33. On November 14, 2024, the Plaintiff and another officer were brought to Internal Affairs.

34. During the week of November 18, 2024:

    a. The Charleston County solicitor's office dropped the felony assault charge on a police officer for resisting arrest without the Plaintiff's knowledge

    b. The Plaintiff and Sgt Garrison were presented with Letters of Instruction as discipline under the policy for "Failure to Investigate." The Plaintiff' direct supervisor who was present throughout the incident was not given a letter of instruction.

    c. The supervisor who was present for the incident on October 24, 2024, an African American, CPL McFadden did not receive a letter or instruction.

    d. The Plaintiff was instructed by Internal Affairs to go to City Municipal Court Office and drop all charges against the Defendant arrested on October 24, 2024. The Plaintiff dropped the charges against his will and did not agree with the instruction of Internal affairs. The Attorney for the defendant involved in the October 24, 2024, informed the

        Plaintiff that his client was going to plead guilty and he was not aware of the instruction that the charges be dropped.

    e.   the Plaintiff was disciplined for the barricaded suspect incident.

35. After the incident with the Councilman's associate, the Plaintiff's referral to SLED, and the Plaintiff's complaints regarding differential discipline the Plaintiff was informed by his former supervisor that he needed to watch out he was being targeted.

36. At the end of November, the Plaintiff was transferred from the West end of North to the East side of the North Bureau in order to move him away from being able to surveille the drug house and arrest involving the councilman. The Plaintiff was provided no notice of his transfer. The Plaintiff's transfer was intentional and in retaliation for his reports regarding the African American Councilmen's associate.

37. On December 29, 2024, the Plaintiff worked an overtime shift for the department.

38. On December 30, 2024, the Plaintiff notified his Cpl., Cpl. McFadden via text message that he had worked so that when he would be doing time sheet the overtime would be properly reflected. The Plaintiff has not received pay for this overtime shift as of today.

39. On February 3, 2025, the Plaintiff came to work sick due. The Plaintiff came to work sick because he had been recently counseled on his use of sick leave. The Plaintiff informed his zone partner that he would assist him with calls for service and back him up if necessary but that he was very ill and would not be proactive.

40. On February 4, 2025, at 4:00 am the Plaintiff's supervisor, Cpl. McFadden requested that the Plaintiff's radio be pinged for his location. Cpl. McFadden was aware of the Plaintiff's illness. Cpl. McFadden came to the Plaintiff's vehicle, woke him up due to his illness and

7

proceeded to lecture/counsel the Plaintiff for 45 minutes and then proceeded to send the Plaintiff home sick.

41. The Plaintiff took a 6-day vacation and returned to work on February 15, 2025. When he returned to work, he was disciplined. The discipline was for pretextual reasons. The Plaintiff was presented with a write-up for sleeping on duty. When presenting the write up, Cpl. McFadden informed the Plaintiff "everyone sleeps on nightshift, I get it, just take the blue team and move on." As a note, Cpl. McFadden, the Plaintiff's zone partner, PFC J. Martin, as well as the rest of the team, including the Lt., have admitted to sleeping on shift, been caught sleeping on shift and have not been disciplined. Since receiving this discipline, the Plaintiff is aware of several individuals who have admitted to sleeping on the job and/or caught sleeping on the job and have not been disciplined. The two officers who have admitted/caught sleeping are not part of the Plaintiff's protected class.

42. On February 18, 2025, the Plaintiff was counseled by Cpl. McFadden, an African American. The Police Department contends that the Plaintiff was counseled by Sgt. Bailey and Cpl. McFadden. However, Sgt. Bailey a Caucasian male was no longer employed with the City as his last day of employment was February 17, 2025. As a note, there is a group chat at the Department where several officers have posted pictures of supervisors and partners sleeping on shift. None of these incidents led to discipline.

43. The Plaintiff was being treated differently due to his race. African Americans were not receiving discipline for the same or worse actions.

44. On February 27, 2025, the Plaintiff was pulled into Lt. Hoose office and asked if he would like to transfer to Central Evenings Team 1. The Plaintiff informed Lt. Hoose "absolutely not."

45. On the same day, Lt. Hoose sent a department-wide email requesting overtime officers for the night shift. At 1340 hours, Deputy Chief Keys sent out a department wide email notifying me, my supervisor and other team members that the Plaintiff was being transferred to Central Evenings Team 1 and would report to Sgt Jenkins on March 3, 2025.

46. After being transferred the Plaintiff was informed by his new shift that they had heard things about his being hard to get along with and problem staying awake on shift. These statements were made regarding the Plaintiff in retaliation for the Plaintiff's report regarding the City Councilman's associate and the differential treatment he was receiving.

47. On March 8, 2025, the Plaintiff worked 8 hours of overtime. The Plaintiff was only paid for 4 of those hours.

48. On March 10, 2025, the Plaintiff responded to a critical incident at 2001 Stokes Ave in reference to a male with a gun, who had Active Domestic Violence 2nd warrants. The suspect was attempting to break into the victim's apartment and vandalizing her vehicle. The Plaintiff requested back up/additional units. The Plaintiff's request was ignored. Dispatch requested additional units several times with no response. Finally, a Charleston County Sheriff K9 unit answered.

49. The Plaintiff arrived on scene and placed the armed suspect and several unarmed accomplices at gunpoint. The Plaintiff informed Dispatch that he had several individuals at gunpoint. The Plaintiff was required to wait 3 and a half minutes for backup due to the City's failure to provide him with adequate protection. The Charleston County Sheriff arrived with lights and sirens. The Plaintiff's supervisor, Sgt. J. Jenkins arrived without lights and sirens and in no hurry to help the Plaintiff in his precarious position.

50. The Police Department has a policy that offers a $7,000.00 bonus for officers who recruit certified officers to join the department. The Plaintiff recruited a policy officer from the City of Charleston to the Defendant. The Plaintiff was informed that he would receive a bonus by January 6, 2025. Unfortunately, the Defendants delayed that bonus for over 30 days in retaliation for his complaints.

51. The Plaintiff filed a charge of discrimination on March 20, 2025.

52. Since filing the first charge of discrimination the Plaintiff has suffered a retaliatory hostile work environment.

53. On April 4th and April 13th, the Plaintiff worked overtime. The Plaintiff was not paid for the overtime worked on April 13th. The Plaintiff reported this and did not receive the overtime pay till several weeks later. The Defendant is intentionally delaying payment for overtime to harm the Plaintiff and create issues in his employment in retaliation for his complaints regarding differential treatment.

54. The Plaintiff's employer has interrogated his co-workers regarding the charge of discrimination and have attended to ruin the Plaintiff's reputation with false statements regarding the charge of discrimination and other actions taken by the Plaintiff.

55. That the Plaintiff was subjected to a harsh punishment because of his complaints, his race, and retaliation for his concerns.

56. Each and every reason presented by the Defendants for the Plaintiff's discipline and differential treatment is pretextual.

57. That the Plaintiff was issued certain policies and procedures by the Defendant.

58. The Defendants violated the policies and procedures by failing to follow the actual policies in place against discrimination, hostile work environment and retaliation.

59. That as a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which he should be compensated.

60. Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of his Race and Retaliation.

61. That the Defendants treated the Plaintiff significantly differently based on his race and in retaliation for his complaints regarding differential treatment.

62. That the Plaintiff treated the individuals not in the Plaintiff's protective category more favorably.

63. The Plaintiff complained regarding the differential treatment.

64. That the Plaintiff has further not received payment for certain overtime hours worked in retaliation for his complaints.

65. That the Plaintiff is entitled to the Overtime pay. That the Defendant is liabile for the failrue to pay overtime to the Plaintiff.

66. That the Defendant's actions towards the Plaintiff violated the law.

67. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

68. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's race, the Plaintiff:

 a. suffered severe emotional distress;

 b. suffered future lost wages and future lost benefits;

 c. suffered economic damages;

 d. Loss of employment;

    e.    Loss of Future employment;

    f.    incurred attorney fees for this action;

    g.    incurred costs of this action; and

    h.    will incur future attorney fees and costs.

69. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

70. Plaintiff seek all back pay and fringe benefits to which he is entitled under 29 U.S.C. Section 626(b), as well future damages and liquidated damages under the act.

71. Pursuant to Federal Law, the Plaintiff seeks his attorney's fees in bringing this action, including expert witness fees, and further seeks his costs associated with bringing this action pursuant to the Law, along with prejudgment and post-judgment interest pursuant to the law.

72. The Plaintiff is further seeking all damages available under the Fair Labor Standards Act.

## FOR A FIRST CAUSE OF ACTION
## RACE DISCRIMINATION

73. That Paragraphs one (1) through seventy-two (72) are hereby incorporated verbatim.

74. The Defendant is an employer as defined in Title VII.

75. That the Plaintiff is an employee as defined by Title VII.

76. That while the Plaintiff was employed with the Defendants, the Plaintiff was able and had performed his job duties in a satisfactorily level of the Defendants.

77. That the Plaintiff was subjected to racial discrimination by his direct supervisors.

12

78. That the Defendant counseled/disciplined the Plaintiff differently based on his race.

79. That the Plaintiff's employer discriminated against the Plaintiff based on his race.

80. That the Defendant, failed and refused to discipline other individuals outside the Plaintiff's protected class equally and failed to treat them the same.

81. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

82. That the Plaintiff has suffered severe emotional and career damages as a result of the Defendant discrimination against the Plaintiff.

83. That in discriminating against the Plaintiff based on consideration of his race the Defendant violated 42 U.S.C. 2000e, et seq. Title VII.

84. That as a direct result of the Defendant's violation of Title VII, the Plaintiff has suffered:

    a. Economic damages;

    b. Economic hardship;

    c. Suffered anxiety, humiliation and emotional damages.

85. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, compensatory damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII.

**FOR A SECOND CAUSE OF ACTION
HOSTILE WORK ENVIRONMENT
IN VIOLATION OF TITLE VII**

86. That Paragraphs one (1) through eighty-six (86) are hereby incorporated verbatim.

87. That the Plaintiff was an employee of the Defendants in accordance with the law.

88. That the Defendants are employers in accordance with Title VII.

89.  That the Defendants subjected the Plaintiff to a hostile work environment.

90.  That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

91.  While employed the Plaintiff was subjected to unreasonable demands by his employer that complicated his employment, subjected him to severe emotional distress by placing his life in danger, failure to support him with assistance, failure to follow policies and procedures, and thereby created a hostile work environment that was severe and pervasive.

92.  The Plaintiff's was subjected to a work environment that perpetrated changed in terms and conditions in the Plaintiff's employment.

93.  That the Defendants failed and refused to address the situation though the Plaintiff complained, compliance complaints and formal complaints of differential treatment.

94.  That the Plaintiff suffered severe emotional distress as a result of the Defendants' hostile work environment based on the Plaintiff's Race, Hostile Work Environment and Retaliation complaints.

95.  That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendants subjected the Plaintiff.

96.  That the Plaintiff has been damaged as a result of the Defendants' work environment.

97.  That the Defendants are the direct and proximate cause of damage to the Plaintiff.

98.  The Plaintiff is entitled to actual, compensatory, consequential damages and punitive damages.

**FOR A THIRD CAUSE OF ACTION**
**RETALIATION FOR COMPLAINTS REGARDING DISCRIMINATION AND**
**HOSTILE WORK ENVIRONMENT COMPLAINTS**

99.  That Paragraphs one (1) through ninety-eight (98) are hereby incorporated verbatim.

100. That the Plaintiff was an employee according to the law of the State of South Carolina, Federal Law including but not limited to Title VII.

101. That the Plaintiff has filed made complaints regarding Race discrimination to management. As a result of those complaints the plaintiff has been treated differently and subjected to retaliation.

102. That the Plaintiff complained of discrimination based on Race.

103. That the Defendants retaliated against the Plaintiff by placing him in the most hostile work environment, disciplining him, and failing to provide him proper support in the regular execution of his duties as an officer.

104. That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of his complaints.

105. The Defendants' actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

106. As a result of the Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

107. That the Defendants are the direct and proximate cause of injury to the Plaintiff.

108. That the Plaintiff is entitled to an award of damages from the Defendants. That the Plaintiff is entitled to recover damages from the Defendants in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII.

**FOR A FOURTH CAUSE OF ACTION**
**VIOLATIONS OF FAIR LABOR STANDARD ACT**

109. That Paragraphs one (1) through one hundred and eight (108) are hereby incorporated verbatim.

110. That the Plaintiff has worked certain overtime hours and the Defendants have failed and refused to pay the Plaintiff. The Defendants have further unlawfully delayed payment of bonuses and wages in violation of the law.

111. That the Defendants are the proximate and direct cause of damages to the Plaintiff.

112. That the Plaintiff is entitled to an award of damages from the Defendants for their unlawful failure to pay overtime pay.

113. The Plaintiff suffered damages as a result of the actions of the Defendants and is entitled to an aware of damages for the delay of payment and failure to pay overtime wages properly.

## **PRAYER FOR RELIEF**

WHEREFORE the plaintiff prays that this Honorable Court:

A. Accept jurisdiction over this matter, including the pendent claim;

B. Empanel a jury to hear and decide all questions of fact;

C. Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D. Award to plaintiff compensatory and consequential damages against the defendant;

E. Award to plaintiff punitive damages against the defendant for their malicious and spiteful pattern of discrimination;

F. Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of the Title VII, and FLSA;

G. Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

H. Award all damages available to the Plaintiff pursuant to Federal and State Law;

I. Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in race discrimination, disparate treatment or retaliation against plaintiff and

J. enter any other order the interests of justice and equity require.

       Respectfully Submitted,

       ATTORNEYS FOR THE PLAINTIFF

       *s/Bonnie Travaglio Hunt*
       Bonnie Travaglio Hunt
       Hunt Law LLC
       Federal Bar # 07760
       SC Bar # 12341
       4000 Faber Place Drive, Suite 300, N. Charleston, 29405
       Post Office Box 1845, Goose Creek, SC 29445
       (843)553-8709
       Facsimile (843)492-5509
       bthunt@huntlawllc.com

June 13, 2025